UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-676-FDW

| QUINTIN FREEMAN, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | |
| FNU MCCLARINROCK, | ) | ORDER |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 1).[1] On October 5, 2016, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 8). Thus, Plaintiff is proceeding in forma pauperis.

**I.     BACKGROUND**

Pro se Plaintiff Quintin Freeman is a North Carolina inmate currently incarcerated at Central Prison in Raleigh, North Carolina. Plaintiff filed this action on September 15, 2016, pursuant to 42 U.S.C. § 1983, naming as the sole Defendant FNU McClarinrock, identified as a nurse at Lanesboro Correctional Institution at all relevant times. Plaintiff purports to bring a claim against Defendant McClarinrock for deliberate indifference to serious medical needs based on Defendant's refusal to treat Plaintiff for injuries to Plaintiff's leg on October 15, 2015. Specifically, Plaintiff alleges the following:

> On 10-15-2015 at appx 4:30 p.m., nurse McClarinrock expressed negligence and provided inadequate medical care, when she refused to treat me for a bruised

---

[1] Plaintiff originally filed this action in the Eastern District of North Carolina and on September 20, 2016, that court transferred the action to this Court.

1

> discolored leg that was swollen and giving me continuous pain. The defendant violated my Eighth Amendment right when she stated to me, "I see nothing wrong with your leg, I think you should go back to your cell and elevate it." I was in the rec cage on Anson Unit when she denied me medical treatment. Defendant McClarinrock later lied to her supervisor saying she assessed me when she didn't. Due to her deliberate indifference and negligence I'm suing the defendant in both her individual and official capacities.

(Doc. No. 1 at 4). In addition to these allegations in his Complaint, Plaintiff also submitted an "Affidavit of Facts," in which he states that Defendant McClarinrock "denied to medically assess me by stating she [saw] nothing wrong with my leg and that I need[ed] to go back to me cell and prop it up." (Id. at 6). Plaintiff adds that, after refusing to assess Plaintiff, Defendant McClarinrock "told her supervisor Nurse Ms. Starnes that I was medically screened and was fine, which was an untruthful statement." (Id.). Plaintiff states that "[s]upervising nurse Ms. Starnes returned to Anson appx 6:40 pm to notify [plaintiff] that he would be seen by a doctor that night." (Id.).

Plaintiff filed a grievance related to Defendant McClarinrock's refusal to assess him. At Step Three, the grievance was denied, with the following explanation:

> [Plaintiff] filed this grievance on October 15, 2015, at Lanesboro Correctional Institution complaining about not receiving proper medical attention from the nurse. Staff responded that an investigation of [Plaintiff's] concern revealed that his incident was investigated and the nurse is no longer on staff. Staff indicated that inmate Freeman received appropriate health care.

(Doc. No. 9 at 3).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks

2

redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

To state a claim for deliberate indifference, an inmate must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). In the medical context, an inmate "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

With regard to the objective prong, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999)). With regard to the subjective prong, a prison official is deliberately indifferent if he has actual knowledge of and disregards "the risk posed by the serious medical needs of the inmate." Iko, 535 F.3d at 241 (citing Farmer, 511 U.S. at 837); see also Makdessi v. Fields, No. 13-7606, 2015 WL 1062747, at *9 (4th Cir. Mar. 12, 2015) (holding that the subjective prong "may be proven by circumstantial evidence that a risk

3

was so obvious that it had to have been known"). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837. Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. Moreover, while the Constitution requires a prison to provide inmates with medical care, a prisoner is not entitled to receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). A prisoner's difference of opinion over matters of expert medical judgment or a course of medical treatment do not rise to the level of a constitutional violation. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

The Court finds that Plaintiff has failed to state a claim for deliberate indifference against Defendant McClarinrock. Although Plaintiff sufficiently alleges that he was suffering from a serious medical need on October 15, 2015, by his own allegations Plaintiff admits that he was treated for his leg injuries on the same day that Defendant McClarinrock refused to assess him. That is, Plaintiff states in his own sworn affidavit that, after Defendant McClarinrock refused to treat Plaintiff's leg at around 4:30 p.m. on October 15, 2015, "[s]upervising nurse Ms. Starnes returned to Anson appx 6:40 pm to notify [plaintiff] that he would be seen by a doctor that night." (Id.). Thus, although Plaintiff alleges that Defendant McClarinrock refused to treat his leg injuries on October 15, 2015, his own allegations indicate that he was, in fact, seen by a

doctor and treated that same day. Thus, he fails to allege any facts showing that Defendant McClarinrock's alleged deliberate indifference to his serious medical need resulted in any injury to Plaintiff. In sum, Plaintiff's allegations fail to state a claim for an Eighth Amendment violation based on deliberate indifference to serious medical needs.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed for failure to state a claim.

2. The Clerk is directed to terminate this action.

Frank D. Whitney
Chief United States District Judge